FILED

2011 MAR -7 PM 3: 06

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORID
JACKSONVILLE, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LUCCINI U.S.A., INC.<br>    Plaintiff<br><br>V.<br><br>M/V GEJA C, her engines, boilers, tackle, etc., *in rem*, CARISBROOKE SHIPPING LTD UK, MID-SHIP LOGISTICS, and GLOBAL STEVEDORING, INC., *in personam*<br>    Defendants | § CIVIL ACTION NO. _____<br>§<br>§ (Pursuant to Rule 9(h) of the<br>§ Federal Rules of Civil Procedure)<br>§<br>§ 3:11-cv-210-J-25 JBT<br>§<br>§<br>§ IN ADMIRALTY |

## COMPLAINT

Plaintiff, LUCCINI U.S.A., INC., (hereafter referred to as "Plaintiff" or "Luccini"), files this its Complaint against defendants, M/V GEJA C, *in rem*, and CARISBROOKE SHIPPING LTD. UK ("Carisbrooke"), MID-SHIP LOGISTICS ("Mid-Ship"), and GLOBAL STEVEDORING, INC. ("Global"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, this Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333. The Court also has supplemental jurisdiction as to certain aspects of this claim.

2. Luccini is a New York corporation with its principal place of business in Tarrytown, New York and sues herein as the consignee of the cargo shipment at issue.

3. At all material times, CARISBROOKE SHIPPING LTD. UK owned, chartered, managed and/or operated the M/V GEJA C as a common carrier of goods by water for hire

between various ports, including the Ports of Piombino, Italy and Jacksonville, Florida. Carisbrooke is a foreign entity not authorized to do business in Florida, but at all material times, did business in Florida by carrying cargo to and from the Port of Jacksonville aboard the M/V GEJA C and/or other vessels, entering into charter parties, bills of lading and/or other contracts of carriage in Florida or to be performed wholly or partly in Florida, and/or by committing a tort in Florida, each of which constitutes doing business in Florida. Carisbrooke in a non-resident but has not designated or maintained an agent in Florida. Alternatively, although Carisbrooke may not be subject to the jurisdiction of the courts of general jurisdiction of Florida or any other state, Luccini's claims arise under federal law and Carisbrooke has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Carisbrooke is consistent with the Constitution and the laws of the United States. Accordingly, serving Carisbrooke with a summons is effective to establish personal jurisdiction over it. Carisbrooke can be served by serving the Florida Secretary of State. Process or notice can be sent to Carisbrooke in care of Carisbrooke Shipping Limited, 38 Medina Road, Cowes, Isle of Wight, PO31 7DA United Kingdom.

4. At all material times MID-SHIP LOGISTICS was and is engaged in business as a public stevedoring company with its principal place of business in Port Washington, New York. Mid-Ship did business in Florida by loading and unloading cargo to and from vessels at the Port of Jacksonville. Process or notice can be served on Mid-Ship by its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

5. At all material times GLOBAL STEVEDORING, INC. was and is engaged in business as a public stevedoring company with its principal place of business in Jacksonville, Florida. Global did business in Florida by loading and unloading cargo to and from vessels at the Port of

Jacksonville. Process or notice can be served on Global by its registered agent, Carlton Spence, 2625 West 5th Street, Jacksonville, Florida 32254.

6. On or about November and December 2009, Luccini purchased a cargo consisting of 3,657 coils of hot-rolled wire rod. These coils were tendered to the Carisbrooke by Plaintiff's shipper in good order and condition at the Port of Piombino, Italy. Carisbrooke agreed to safely receive, load, stow, secure, carry, discharge and deliver at Jacksonville, Florida the cargo in the same good order and condition as when received, in consideration of paid freight charges. Carisbrooke acknowledged receipt of the cargo in good order and condition and, accordingly, therewith, issued various bills of lading including, but not limited to Bills of Lading CBKS GEJA 19041109001 and CBKS GEJA 19041109002. Said Bills of Lading noted only that (1) cargo was loaded from an open area, (2) cargo was rust stained, (3) 5% of coils were slightly dented and/or scratched, and (4) 3% of coils were oil stained. No other exceptions for loss or damage were noted prior to Carisbrooke loading the cargo aboard the M/V GEJA C.

7. Thereafter, on or about Dec. 7, 2009, the M/V GEJA C arrived at the port of Jacksonville, Florida where the cargo was discharged not in the same good order and condition as when received but, on the contrary, part of the cargo was dented, bent, nicked, gouged, smashed, crushed, wet, rusty, deformed, slinkied, unbanded and otherwise unfit. Additionally, three (3) coils were short, slack, missing and never delivered. The damages, loss and shortage proximately resulted from Carisbrooke's acts and omissions constituting negligence, breach of contract, breach of bailment and/or violations(s) of the duties of a common carrier of goods by water for hire. Alternatively, the damages, loss and shortage proximately resulted from the unseaworthiness of the M/V GEJA C.

8. Alternatively, the damages, loss and shortage proximately resulted from Mid-Ship's and/or Global's conduct in failing properly discharge and unload the cargo from the M/V GEJA C. That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

9. Luccini suffered additional expenses resulting from the necessary rebanding of 720 coils at a cost of $30/coil. Global performed the rebanding. To the extent that Global was responsible for the need to reband the coils as a result of its negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner, Luccini is entitled to restitution from Global in the amount of $30/coil.

10. Luccini has proximately sustained damages exceeding $81,375.15 plus survey expenses and interest dating from November 2009, demand for which has been made upon Defendants, but which they refuse to pay.

11. In addition to the aforementioned damages, Luccini hereby demands reasonable attorneys' fees for this matter which are presently estimated to be in amount of at least $5,000 and increasing.

12. At all times material, Plaintiff owned the cargo and/or brings this action for itself and/or as agent and/or as trustee for all persons or entities, including any insurer(s), that are or may become interested in the cargo.

WHEREFORE, Plaintiff, LUCCINI U.S.A., INC., prays that process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V GEJA C, its engines, boilers, tackle, etc.; that all persons claiming an interest therein be required to appear and answer, under oath, all and singular, the matters aforesaid; that the *in personam* defendants be cited to appear and answer, *under oath*, all

and singular, the matters aforesaid; that Plaintiff have judgment for its damages, interest and costs and necessary attorneys' fees, plus legal interest at the legal rate until paid and all costs of court. Plaintiff also prays for all such further relief, both general and special, at law or in equity, to which it may be entitled.

                                                Respectfully submitted,

                                                *s/W. Sean O'Neil, Esq.*
                                                **W. Sean O'Neil, Trial Counsel**
                                                Texas Bar. No. 24033807
                                                USDC, SDTX Bar No. 24835
                                                W. SEAN O'NEIL, ATTORNEY AT LAW
                                                12651 Briar Forest, Suite 220
                                                Houston, Texas 77077
                                                Telephone:    (281) 496-0193
                                                Telefax:       (281) 496-0680
                                                Email:          wsoneil@wsolaw.com
                                                **ATTORNEY FOR PLAINTIFF, LUCCINI U.S.A., INC.**
                                                *Pursuant to LR 2.02 Special Admission*

- and-

*s/Spiro J. Verras, Esq.*
**Spiro J. Verras**
Florida Bar No.479240
SPIRO J. VERRAS, P.A.
1509 W. Swann Ave., Suite 240A
Tampa, Florida 33606
Telephone:   (813) 228-6800
Telefax:      (813) 228-6802
Email:        Verras@mac.com
**ATTORNEY FOR PLAINTIFF, LUCCINI U.S.A., INC.**